## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NARA CABALLERO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-1679 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

In this slip-and-fall case, the defendant, Wal-Mart Stores Texas, L.L.C. moves for summary judgment. Wal-Mart asserts that the facts developed in discovery do not raise a fact issue as to whether it had actual or constructive knowledge of a puddle of water on the floor. In response, the plaintiff, Nara Caballero, agrees that she has no evidence to show that Wal-Mart had actual knowledge of the dangerous condition, a puddle of water on the floor, and no evidence to show gross negligence. Caballero argues that there is evidence showing that Wal-Mart had constructive knowledge of the water puddle. The summary judgment issue is whether the record evidence shows that the condition existed long enough for Wal-Mart to have a reasonable opportunity to discover it.

Based on a careful review of the pleadings, the motion and response, the summary judgment record, and the applicable law, this court grants the summary judgment motion and, by separate order, dismisses this case. The reasons are set out below.

**I.     Background**

In her deposition, Caballero testified that on September 25, 2004, she was in line in front of the customer service desk at a Wal-Mart store in Houston, Texas. Caballero was standing in line behind five to six other customers. Caballero had been standing in line for approximately ten seconds. She stepped forward when the line moved and slipped in a puddle of clear water. The puddle was large; Caballero estimated it was "maybe 4 feet" and "could have amounted to a full quart of water." The water was clear and "transparent" on the floor, with no debris or tracks in it. There were five or six Wal-Mart employees behind or in front of the customer-service desk, and several saw her fall. Their reaction to the fall made it clear that none had known of the puddle before she fell. (Docket Entry No. 19, Ex. C at 37–46; Ex. D at 1). There was no evidence as to how long the water had been on the floor before Caballero fell.

Wal-Mart moved for summary judgment on the basis that as a matter of law, there was no evidence that the puddle had been on the floor long enough to provide an opportunity to discover the dangerous condition. Caballero testified that she was in line for ten seconds. Caballero had no evidence as to how the water came to be on the floor or how long it had been there, except that it was longer than ten seconds. Caballero testified that there were Wal-Mart employees in the vicinity but did not testify that any saw the water puddle, which was clear and transparent.

Wal-Mart asserts that there is no basis on which a jury could conclude that Wal-Mart had actual or constructive knowledge of the presence of the water puddle. Caballero

responds that the size of the puddle and the proximity of Wal-Mart employees provides sufficient evidence to allow the constructive knowledge issue to reach the jury.

## II. The Applicable Law

### A. Premises Liability

Under Texas law, a property owner owes persons invited onto the property a duty to protect them from dangerous conditions that are known or reasonably discoverable. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex.2000). A plaintiff asserting a claim for premises liability must prove:

> (1) actual or constructive knowledge of a condition on the premises by the owner or occupier;
>
> (2) that the condition posed an unreasonable risk of harm;
>
> (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*Id.* at 99. To show that Wal-Mart had actual or constructive knowledge of the water on the floor, Caballero would have to show at trial: (1) that Wal-Mart placed the water on the floor; (2) that Wal-Mart actually knew that the water was on the floor; or (3) that the water was on the floor long enough to give Wal-Mart a reasonable opportunity to discover and remove it. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992); *Sturdivant v. Target Corp.*, 464 F.Supp.2d 596, 601 (N.D. Tex. 2006). Caballero concedes that she has no evidence as to the first two theories. She argues that there is sufficient evidence to support a finding that Wal-

Mart had constructive knowledge of the water's presence under the third theory of proving knowledge.

For a plaintiff to succeed in establishing the property owner's constructive knowledge of a hazardous condition, the plaintiff must show that the hazardous condition existed for some definite length of time. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). Texas adopted this "time-notice" rule because "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816. In *Reece*, the Texas Supreme Court held that evidence of an employee's proximity to a hazard, with no evidence indicating how long the hazard was there, was insufficient to establish constructive notice. "An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.*

In *Reece*, the Court emphasized that proximity evidence can be an important factor. If the evidence showed that the dangerous condition was conspicuous, an employee's proximity to the condition might shorten the time required to show that the premises owner should reasonably have discovered it. If the dangerous condition was inconspicuous, an employee's proximity would have to be for a longer period to show that the premises owner

4

should have become aware of the dangerous condition. *Id*. In either event, there must be proof of how long the hazard was present. *Id*.

### B. The Summary Judgment Standard

Under federal law, summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986)). If the burden of proof lies with the nonmoving party, the movant may either (1) submit evidence that negates the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports the essential element or claim. *Celotex*, 477 U.S. at 330. When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004). This burden is not satisfied by "some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most

favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Rule 56 mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under the Texas law on premises liability, a plaintiff proves constructive notice of the dangerous condition by establishing that "it is more likely than not that the dangerous condition existed long enough to give the premises owner a reasonable opportunity to discover [the condition]." *Wal-Mart Stores v. Reece*, 81 S.W.3d at 814. In a recent case, the federal court considered whether, in deciding a premises owner's motion for summary judgment, the court should weigh the plaintiff's evidence on constructive notice as a state court would, or whether the court should evaluate the evidence to determine whether there is sufficient evidence to create a genuine issue of material fact under the federal Rule 56 standard. The court analyzed the issue under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and concluded that the federal summary judgment standard – which imposed a greater burden on the defendant nonmovant – was appropriate. *Sturdivant v. Target Corp.*, 464 F.Supp.2d 596, 600 (N.D.Tex. 2006).

### III.     Analysis

The record in the present case provides "proximity" evidence. There were several Wal-Mart employees behind or in front of the customer service counter when Caballero fell.

The employees saw Caballero fall and were close enough to reach her while she was still on the ground.

The record also provides temporal evidence, but very limited. The water puddle was on the floor for at least ten seconds before Caballero fell. That is the extent of the temporal evidence.

There is no evidence of actual knowledge. The issue is constructive notice. The record is insufficient to raise a fact issue as to Wal-Mart's constructive notice of the water that caused Caballero's fall. Caballero testified that the water was clear and transparent. Caballero had no information as to how the water came to be on the floor or how long it had been there. Caballero testified that she was in line for ten seconds before she fell. (Docket Entry No. 19, Ex. C at 33). Although Wal-Mart employees were in the area, given the low visibility of the water and the evidence that the water had been on the floor for at least ten seconds, no reasonable jury could conclude that Wal-Mart failed to exercise reasonable care by failing to discover and clean up the water. *See, e.g., Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d at 817 (evidence of a clear liquid spill without evidence as to how long it had been present does not support the conclusion that Wal-Mart had constructive notice of the dangerous condition); *Sturdivant v. Target Corp.*, 464 F.Supp.2d at 603 (evidence that a puddle of clear water had been on the floor for five minutes led to conclusion that as a matter of law, Target had no reasonable opportunity to discover the water); *Wal-Mart Stores, Inc. v. Lopez*, No. 04-98-00676-CV, 2000 WL 31971 (Tex. App.–San Antonio Jan. 12, 2000)

(evidence that a substance had been on the floor for five minutes or less insufficient to show that Wal-Mart should have known of a dangerous condition).

Wal-Mart's motion for summary judgment is granted.

**IV.    Conclusion**

Wal-Mart's motion for summary judgment is granted.  Final judgment will be entered by separate order.

SIGNED on October 10, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge